The opinion of the court was delivered by
Spencer, J.
This is a suit to recover of the Southern Bank a license tax of $250 for the year 1878, under paragraph 8, sec. 9, of act No. 8 of said year, which directs the collection of said license “ from each banking company or private bank or agency.”
The defense is, “ that the bank, being a free bank, organized in 1873, and doing business since then, as such, is exempt by the law regulating free banking in this State, under which it was formed, from the payment of any license whatever.”
There was judgment for defendant, and the State appeals.
The discussion has taken a wide range, far beyond the limits of this case.
We have nothing to do with the constitution of 1852, the free banking law of 1853, or the decisions of this court thereunder, except so far as the latter may discuss and decide analogous questions. It may be true, we are not called upon to question the proposition, that under the constitution of 1852 and act of 1853 the free banks were not liable to a license tax, for the reason that the State had by that act bound itself, as by contract, not to impose such tax. This court certainly so decided in New Orleans vs. the Southern Bank, 11 A- p. 41, and again in a similar case entitled the State vs. Southern Bank, 23 A. 271.
But in 1868 a new constitution was adopted, and in 1870 the free *520 banking law was reenacted, and in same year other laws were passed upon, the subject of taxation of banks and banking. As we have seen-, the present “Southern Bank,” defendant hereiu, organized in 1873. The question for our decision is, whether, under the constitution and laws of this State, in force at the time of the organization of said bank in 1873, it was exempt from license taxes ?
The free banking act of 1870, found in the Revised Statutes, contains (see. 307) this provision :
“Bankers and banking companies doing business under this act shall be taxed upon their capital stock at the same rate as other personal property under the laws of this State.”
This is the same provision which the act of 1853 contained, and by virtue of which this court, in the cases cited from 11 and 23 An., held free banks to be exempt from license taxes. .
But by section 315, R. S., the very act under which exemption is claimed, and the third section of act 126 of extra session of 1870, it is provided that “ there shall be levied and collected ” an annual license tax * * * from each banking company or agency.
Article 118 of the constitution of 1868 reads as follows :
“ Taxation shall be equal and uniform throughout the State. All property shall be taxed in proportion to its value; to be ascertained as directed by law. The General Assembly shall have power to exempt from taxation property actually used for church, school, or charitable purposes. The General Assembly may levy an income tax upon all persons pursuing any occupation, trade or calling. And all such persons shall obtain a license as directed by law.”
These were the general laws in existence at the date of the organization of the defendant bank in 1873. They are all general laws of the State, and, bearing upon the same subject matter, must be construed together. Does there result from them a contract on the part of the State to exempt the defendant from license taxes? So far from such exemption resulting, we have seen that the 315th section of the very act under which defendant organized, imposes a license of a much larger amount than the one now demanded. We think therefore no such conclusion can be deduced from these laws; and if they do not confer exemption as upon contract, then the defendant may be compelled to pay license. Since we hold that there was no contract between the State and defendant, it is unnecessary to go into the inquiry as to whether under article 118 of the constitution the Legislature could contract to make such exemption.
The judgment appealed from is reversed, and it is now ordered and decreed that the State of Louisiana do recover of the defendant, the Southern Bank, the sum of two hundred and fifty dollars, with two per *521 •cent fees due Attorney General and Assistant Attorney General for collection on amount of judgment, to be taxed as costs, and with recognition of the privilege aecorced bylaw on the property of said bank. It is further ordered that the injunction prayed for be made perpetual, •and that defendant pay all costs of suit.
Rehearing refused.